STATE, JOSEPH E. ALLEN, PROSECUTOR, v. INHABITANTS OF THE TOWNSHIP OF WOODBRIDGE, IN THE COUNTY OF MIDDLESEX, AND BENJAMIN M. CLARK.

1. An assessment made as follows: "R. E. N. Land, fifty acres, in road district No. 21, in the township of Woodbridge," taken in connection with the proof that R. E. N. owns no other land in said road district, is a sufficient description to subject the said land to a sale for the tax assessed upon it.

2. Construction of the special act for the township of Woodbridge, relative to the collection of taxes. *Pamph. L.* 1873, *p.* 758.

---

These are four writs of *certiorari*, all sued out by the same prosecutor, bringing up the assessment upon a tract of land in said township of Woodbridge, a certificate of sale and a lease made to the said township for a thousand years. The lease was assigned to Clark, who is therefor made a defendant.

The property, at the time of the assessment, was owned by Rufus N. Edgar. The prosecutor now holds his title. There is a special act relative to the collection of taxes in the township of Woodbridge. *Pamph. L.* 1873, *p.* 758.

The writs are prosecuted in aid of an action of ejectment now pending.

Argued at February Term, 1880, before Justices WOOD-HULL and REED.

For the prosecutors, *B. A. Vail.*

For the defendants, *L. Lupton.*

The opinion of the court was delivered by

REED, J.    The reasons are nearly identical in all of the four cases. The first reason assigned for the vacation of the proceedings, is because the description of the property in the assessor's duplicate is insufficient.

The description in the assessor's duplicate for the year 1874, is this: "Rufus N. Edgar. Land, fifty. Road district No. 21." By the case agreed upon, it is admitted that Edgar owned no other tract of land in this road district.

So far as this question affects the assessment itself, the statute is inapplicable, and the assessment will stand, even if the description is too indefinite to make it the foundation of a tax title. *State, Rutherford Park Association, pros.,* v. *Township of Union,* 7 *Vroom* 309.

But I am of the opinion that this description is sufficient to establish a lien upon the land upon which the assessment is made, and so impose upon it a liability to be sold.

The legislative intent was to have a general description. All that the statute requires is a description that will identify the tract. *State, Alden, pros.,* v. *Newark,* 7 *Vroom* 288.

The description should be such as to warn the owner of what property he is assessed, and such as to secure a fair sale, by showing to purchasers what property is for sale.

Now, the degree of definiteness requisite to accomplish these purposes depends upon the surroundings of the subject matter described.

In the country, where land is held in large tracts, a certain description would identify any one tract, while in a city or town, a similar description would be insufficient to locate a lot with sufficient definiteness. In this case, it appears that the person assessed owns one, and only one, tract of land of fifty acres, in one of the road districts of the township of Woodbridge. A proposition that a notice that Edgar's tract of fifty acres, in the said road district, in the said township, was assessed, and was to be sold for taxes, would fail to warn Edgar what tract was assessed, or notify an intended buyer what property was to be sold, can receive no support from a practical view of the question.

No tax-payer could be misled into a false security by such a notice, and no person desiring to purchase would have any difficulty in fixing upon the property to be sold, or in procuring a title to the property by this description.

I think, therefore, that the assessments of 1874, 1875, and 1876 are liens upon this tract of land.

So far as the assessment of 1877 is involved, the description did not mention any road district, nor the agreement that there was no other or similar property of Edgar's in the township.

I incline to the opinion that, under the case of *State, Rutherford Park Association, pros.,* v. *Township of Union, supra,* this description would be insufficient to fix upon this land a liability for the taxes of 1877.

The third reason urged against the validity of the certificate and lease is, that the description of the property, in the certificate of sale, does not correspond with the description in the assessor's duplicate.

The act of 1873 does not limit the particularity of description in the certificate to that of the duplicate.

If it describes the same property, it is sufficient. It is

admitted, in the state of the case, that the descriptions are of the same property.

The fourth reason is that there is no legality in the act of making a lease from the inhabitants of the township of Woodbridge to the inhabitants of the township of Woodbridge.

But the act of 1873 confers upon the township committee the authority to purchase the land in the name of the township. And it further provides that, at the end of two years, if the property is not redeemed, the said township committee shall execute to the holder of the certificate a lease in the corporate name of said township.

The legislature had the power to so enact, and the legislation covers the act of the committee in making the lease.

There are two reasons, however, which, I think, contain within their fair interpretation, objections which are fatal to these sales. First, because it does not appear that the township committee ordered the sale. Second, it does not appear that there was a sale. The proof as to the successive steps in the proceedings, seems to be limited to such entries as the clerk made of the meetings of the township committee. It need not be so limited, as proof of all these matters, by parol, was competent. *State* v. *Van Winkle*, 1 *Dutcher* 73; *State* v. *Bentley*, 3 *Zab.* 532.

There is no proof in the case of the posting of the notices mentioned in Section 3 of the act of 1873, nor of the publication of the return of delinquents and affidavit mentioned in Section 4 of the act.

This was absolutely essential to the validity of the sales. *State, Alden, pros.,* v. *Newark, supra.*

No reason is specially aimed at this defect, and therefore it may be that the case fails to show the notices, because, in the light of the reasons upon which the objections would be based, it was not deemed necessary. But I think it does not correctly and clearly appear that the chairman of the committee did proceed to sell the several tracts and parcels of land returned, at the hour named in the notice.  § 5.

This objection is clearly taken in the reasons.  The certifi-

·cate of sale itself is not proof of it. It appears, inferentially, that they were sold, but the proof should be clear and dis-·tinct. I think that, upon this ground, the certificates and ¦leases should be vacated. The tax will stand as a lien upon ·the property for the first three years, at least. The assess-ments will stand, and if not paid, the lien can be enforced by ·another sale.

Let the assessments be affirmed in all the cases, and the ·certificates and leases be vacated, with costs for the prosecutor, :as upon one writ.